NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000630
08-FEB-2018
08:27 AM

NO. CAAP-15-0000630

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MARIA P ABELLO and TEANCUM, INC.,
Petitioners-Appellants-Appellants, v.
CATHERINE P. AWAKUNI COLON, ACTING COMMISSIONER OF
SECURITIES, DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS,
STATE OF HAWAII; STATE OF HAWAII, DEPARTMENT OF COMMERCE
AND CONSUMER AFFAIRS, Respondents-Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0503-02 RAN)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Petitioners-Appellants Maria P. Abello, also known as
Mikaela Primer (**Abello**), and Teancum, Inc. (**Teancum**) appeal from
the July 30, 2015 Final Judgment (**Judgment**) entered in the
Circuit Court of the First Circuit (**Circuit Court**).[1]

Abello and Teancum raise a single point of error on
appeal, contending that the Circuit Court erred in affirming
Respondent-Appellee Commissioner of Securities Tung Chan's
(**Commissioner Chan**) determination that Abello acted recklessly,
and consequently, in affirming the $50,000 administrative penalty

---

[1] The Honorable Rhonda A. Nishimura presided.

against Abello for violating Hawaii Revised Statutes (HRS) § 485-25(a)(1).

As a preliminary matter, we note that Commissioner Chan did not find that Teancum violated HRS § 485-25(a)(1); rather, Commissioner Chan dismissed that charge as to Teancum. Commissioner Chan imposed the $50,000 fine solely on Abello. Therefore, Teancum seeks to appeal a decision that was adverse only to Abello.

Under HRS § 91-14(a), "[a]ny person aggrieved by a final decision and order in a contested case . . . is entitled to judicial review thereof under this chapter[.]" Here, Teancum was not aggrieved by the January 18, 2013 Commissioner's Final Order on Remand as to Respondents Maria P. Abello and Teancum, Inc. (2013 Final Order on Remand) due to the lack of actual or threatened injury. See AlohaCare v. Ito, 126 Hawai'i 326, 342-43, 271 P.3d 621, 637-38 (2012). "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the action." Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, 113 Hawai'i 77, 94, 148 P.3d 1179, 1196 (2006) (citation omitted). Accordingly, Teancum's appeal is dismissed for lack of subject matter jurisdiction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Abello's point of error as follows:

Abello contends that the Circuit Court erred in affirming Commissioner Chan's finding that Abello possessed a

2

scienter of at least "recklessness" when soliciting the subject funds.

"[I]n a civil enforcement action brought by an agency, a state of mind of at least recklessness must be established to prove a violation of HRS § 485-25(a)(1)." Trivectra v. Ushijima, 112 Hawai'i 90, 104, 144 P.3d 1, 15 (2006). A party is reckless when he or she "has intentionally done an act of an unreasonable character in disregard of a risk known to or so obvious that he [or she] must be taken to have been aware of it, and so great as to make it highly *probable* that harm would follow." Iddings v. Mee-Lee, 82 Hawai'i 1, 11, 919 P.2d 263, 273 (1996) (citation omitted). Courts interpreting parallel federal securities law are in accord. See, e.g., In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1053 (9th Cir. 2014) ("an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it.") (citation omitted); S.E.C. v. Carriba Air, Inc., 681 F.2d 1318, 1324 (11th Cir. 1982); G.A. Thompson & Co. v. Partridge, 636 F.2d 945, 962 (5th Cir. 1981).

Here, there is evidence in the record that Abello solicited investments, documented as promissory notes, from friends and acquaintances whom she later described as poor, elderly, and trusting. There is testimony in the record that Abello told multiple investors that their money would be used for the development of the National Korean War Museum (**Museum**), that they would get their money back, along with interest of 30 to 50

percent, in less than six months, and that the investment was secure because the money and the interest would be paid back from federal government grants. Abello claims that these representations were based on information and written materials provided to her by her brother-in-law, Kyle Kopitke (**Kopitke**). It is undisputed that Abello failed to conduct any inquiry or investigation whatsoever of the information she allegedly relied upon and provided to the investors, even though she claimed that she did not know her sister or Kopitke well. Abello made no attempt to verify the alleged source of funding for what might aptly be described as a get-rich-quick scheme, which was enhanced by the prospect of honoring veterans and helping the homeless, even though she provided strong assurances to the investors that their money was safe because it was backed by the federal government. In addition, Abello did so in conjunction with her incorporation of Teancum, a for-profit corporation which was supposed to be paid $2.5 million, in $300,000 monthly increments, for providing land acquisition, fund raising, public relations, and other services related to the development of the Museum. The only explanation Abello provided in her testimony for allegedly trusting Kopitke was that he was family and that he allegedly had been a Mormon missionary.

We conclude that Commissioner Chan did not clearly err in finding that Abello was at least reckless in her use of information and brochures provided by Kopitke to sell promissory notes in excess of $342,000 (possibly up to $446,000) to poor, elderly people who trusted her, with no investigation or

verification whatsoever of the scheme or source for repayment.[2]

Accordingly, we conclude that the Circuit Court did not err in affirming the 2013 Final Order on Remand.

The Circuit Court's July 30, 2015 Judgment is affirmed.

DATED: Honolulu, Hawai'i, February 8, 2018.

On the briefs:

Christopher A. Dias,
for Petitioners/Appellants-
 Appellants.

Ian Robertson,
for Respondents-Appellees.

Presiding Judge

Associate Judge

Associate Judge

---

[2] Therefore, we need not consider whether Abello also should have known and informed the investors of Kopitke's deceitful character, based on his false reports to Abello's employer and the Insurance Division of the Department of Commerce and Consumer Affairs (DCCA). Nor do we need to address whether the Circuit Court should have taken judicial notice of a purported 2004 letter complaint from Kopitke to the DCCA, which was not in the record before the agency, but submitted on appeal to the Circuit Court.